IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLEY L. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-309-A |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Kelley L. Brown is plaintiff and the Commissioner of Social Security, currently Jo Anne B. Barnhart, is defendant. On May 2, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until May 23, 2006, in which to file and serve any written objections thereto. On May 23, 2006, plaintiff filed her objections. Defendant filed a response to those objections on June 1, 2006. For the reasons given below, the court has concluded that the objections lack merit.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

complies with applicable legal standards. <u>Crouchet v. Sullivan</u>, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Crouchet</u>, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. <u>Smith v. Schweiker</u>, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing <u>Hames v. Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983)). In the end, "[t]he inquiry [] is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions

reached by the [Commissioner]."  Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II.

### Plaintiff's Objections and Rulings Thereon

Plaintiff makes three objections, the thrust of each of which can accurately be characterized as an objection to the magistrate judge's proposed finding that the decision of the administrative law judge ("ALJ") regarding plaintiff's residual functioning capacity was supported by substantial evidence.  A subsidiary objection is that the magistrate judge erred in finding that the ALJ gave appropriate consideration to the opinion of Dr. Steven E. Greer, a clinical psychologist who evaluated plaintiff's condition.

The court disagrees with plaintiff's contention that "all the evidentiary choices weighed in favor of supporting Dr. Greer's opinion."  Objections at 4.  The ALJ was entitled to determine the credibility of Dr. Greer and weigh his opinions accordingly.  Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990).  There was relevant evidence that a reasonable mind might accept as adequate to support the conclusion that Dr. Greer's opinion was not entirely reliable. Because the ALJ found Dr. Greer's opinion unpersuasive, the ALJ was

3

within his discretion to accord Dr. Greer's opinion less weight. See Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985).

More importantly, there is credible evidence in the record supporting the ALJ's decision relative to residual functioning capacity--for examples, the opinion of the impartial medical expert, Dr. Otto L. Wilbanks, the belief of Dr. John Savell that plaintiff was possibly malingering with respect to her volitional abilities,[2] and internal inconsistencies in Dr. Greer's opinions. See Boyd v. Apfel, 239 F.3d 698, 704 (5th Cir. 2001). Therefore, the court concludes the magistrate judge correctly found that there is substantial evidence supporting the ALJ's decision residual functioning capacity findings.

### III.

### Conclusion and Order

For the reasons stated above, the court accepts the magistrate judge's proposed findings, conclusions, and recommendation. Therefore,

The court ORDERS that the Commissioner's decision be, and is hereby, affirmed.

SIGNED August 23, 2006.

      /s/ John McBryde  
      JOHN McBRYDE  
      United States District Judge

---

[2] The ALJ stated: "[Dr. Savell] reported the claimant's handwriting appeared to be very shaky; however, he noted her hand did not shake and she appeared to be deliberately moving the pencil from side to side." App. at 28.